**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-mc-22290-DPG/EGT

PHILIP VON KAHLE,

      plaintiff,

v.

CARGILL, INC.,

      defendants.

_____/

**NON-PARTY WITNESSES RAUL ÁLVAREZ, ALFREDO ROMERO, AND**
**CORPORACIÓN COEX, INC.'S OPPOSITION TO CARGILL'S MOTION TO**
**COMPEL COMPLIANCE WITH SUBPOENAS AND FOR AUTHORIZATION FOR**
**<u>SUBSTITUTE SERVICE AND MOTION TO QUASH SUBPOENAS</u>**

## TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................. 1

**BACKGROUND** ................................................................................................................. 2

**ARGUMENT** ..................................................................................................................... 4

**I.      THE SUBPOENAS VIOLATE RULE 45 BECAUSE THEY REQUIRE
COMPLIANCE BEYOND THE GEOGRAPHICAL LIMITS AND, EVEN IF THEY HAD
BEEN PROPERLY SERVED, MUST BE QUASHED**........................................................ 5

    A.      Cargill has designated an improper place of compliance with respect to the subpoenas
directed to the Central American Residents.............................................................. 5

    B.      Cargill has designated improper places of compliance with respect to the subpoenas
directed to Coex Panama ............................................................................................ 7

**II.     CARGILL HAS FAILED TO SERVE THE CENTRAL AMERICAN
RESIDENTS AND COEX PANAMA AND THE COURT LACKS AUTHORITY TO
ENFORCE THE SUBPOENAS** ........................................................................................ 7

    A.      Cargill has failed to serve the Central American Residents ......................................... 8

    B.      Cargill has failed to serve Coex Panama ................................................................. 11

**III.    THE COURT LACKS PERSONAL JURISDICTION OVER THE CENTRAL
AMERICAN RESIDENTS** ............................................................................................. 12

    A.      The Court lacks personal jurisdiction over the Central American Residents............. 13

    B.      The Court lacks personal jurisdiction over Coex Panama.......................................... 15

    C.      Nothing in Rule 45 changes the analysis of these witnesses' amenability to personal
jurisdiction here. ..................................................................................................... 16

**IV.     CARGILL'S SUBPOENA IMPOSES AN UNDUE BURDEN ON FOREIGN
PARTIES** ....................................................................................................................... 17

**CONCLUSION** ............................................................................................................... 19

**NOTICE OF SPECIAL APPEARANCE OF COUNSEL** ...................................................... 19

**REQUEST FOR ORAL ARGUMENT**................................................................................. 19

## **TABLE OF AUTHORITIES**

### **Cases**

*Al-Saadi v. Annchery Fajas USA, Inc.*,

    2022 WL 898562 (S.D. Fla. Mar. 28, 2022)...................................................................... 11

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*,

    480 U.S. 102 (1987)............................................................................................................ 15

*Brady v. Lee*,

    2014 WL 12580025 (S.D. Fla. Oct. 29, 2014)............................................................. 6, 7

*C&K Grocery LLC v. Beauchamp*,

    2012 WL 13134567 (S.D. Fla. Nov. 20, 2012).................................................................. 8

*Carter v. Est. of Rambo*,

    925 So. 2d 353 (Fla. 5th DCA 2006) .............................................................................. 14

*Castleberry v. Camden Cty.*,

    331 F.R.D. 559 (S.D. Ga. 2019) ...................................................................................... 18

*Celestin v. City of Ocoee*,

    2022 WL 833131 (M.D. Fla. Jan. 13, 2022)................................................................. 6, 7

*Daimler AG v. Bauman*,

    571 U.S. 117 (2014)................................................................................................... 13, 15

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,

    141 S. Ct. 1017 (2021)............................................................................................... 13, 16

*Giuliani v. NCL (Bahamas) Ltd.*,

    558 F. Supp. 3d 1230 (S.D. Fla. 2021) .......................................................................... 15

*Great Am. Ins. Co. v. Veteran's Support Org.*,

    166 F. Supp. 3d 1303 (S.D. Fla. 2015) .......................................................................... 17

*Green v. Croft*,

    2016 WL 11734217 (S.D. Fla. Mar. 23, 2016).................................................................. 9

*Green v. Pickens Cnty. Sch. Sys.*,

    2021 WL 2559453 (N.D. Ga. Apr. 26, 2021) .................................................................... 9

*Harrison v. Prather*,

    404 F.2d 267 (5th Cir. 1968) ........................................................................................... 10

*Heissenberg v. Doe*,
     2021 WL 2621100 (S.D. Fla. June 24, 2021) ................................................. 13

*Hill v. Todd A. Ruck, Inc.*,
     2021 WL 9032375 (N.D. Ga. Oct. 13, 2021) ................................................. 9

*Hines v. Regions Bank*,
     782 F. App'x 853 (11th Cir. 2019) ................................................. 8

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
     2020 WL 5578428 (N.D. Fla. Feb. 18, 2020) ................................................. 12, 13

*In re DMCA Section 512(h) Subpoena to Facebook, Inc.*,
     2015 WL 12805630 (S.D. Tex. Nov. 18, 2015) ................................................. 16

*In re Kurbatova*,
     2019 WL 2180704 (S.D. Fla. May 20, 2019) ................................................. 5

*In re MTS Bank*,
     2018 WL 1718685 (S.D. Fla. Mar. 16, 2018) ................................................. 9

*In re: Benicar (Olmesartan) Prod. Liab. Litig.*,
     2016 WL 5817262 ................................................. 8

*Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP*,
     2001 WL 246384 (S.D.N.Y. 2001) ................................................. 19

*Jon D. Derrevere, P.A. v. Mirabella Found.*,
     2011 WL 1983352 (M.D. Fla. Apr. 26, 2011) ................................................. 11

*Jordan v. Comm'r, Mississippi Dep't of Corr.*,
     947 F.3d 1322 (11th Cir. 2020) ................................................. 4, 17, 18

*Kahama VII, LLC v. Space Coast Builder and Contractors, Inc.*,
     2013 WL 12161440 (M.D. Fla. Jan. 28, 2013) ................................................. 10

*KLP Indus., L.L.C v. Pelaez*,
     2006 WL 8434699 (S.D. Fla. Dec. 19, 2006) ................................................. 6

*Leibovitch v. Islamic Republic of Iran*,
     188 F. Supp. 3d 734 (N.D. Ill. 2016) ................................................. 14

*Louis Vuitton Malletier, S.A. v. Mosseri*,
     736 F.3d 1339 (11th Cir. 2013) ................................................. 13

*Maxtena, Inc. v. Marks*,

    289 F.R.D. 427 (D. Md. 2012)................................................................ 4, 19

*McCullough v. Royal Caribbean Cruises, Ltd.*,

    268 F. Supp. 3d 1336 (S.D. Fla. 2017) ......................................................... 13

*Monex Fin. Servs. Ltd. v. Nova Info. Sys., Inc.*,

    2008 WL 5235135 (M.D. Fla. Dec. 15, 2008)................................................ 10

*OL Priv. Couns., LLC v. Olson*,

    2022 WL 2304279 (D. Utah June 27, 2022)..................................................... 8

*Posner v. Essex Ins. Co.*,

    178 F.3d 1209 (11th Cir. 1999) ................................................................. 17

*Rainey v. Taylor*,

    2019 WL 1922000 (S.D. Fla. Apr. 30, 2019) .................................................. 9

*Ross v. Sejin Am., Inc.*,

    2021 WL 6973878 (M.D. Ala. Apr. 27, 2021) .................................................. 8

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. Of Iowa*,

    482 U.S. 522 (1987)................................................................................ 18

*Sphar v. Amica Mut. Ins. Co.*,

    2017 WL 8314657 (M.D. Fla. May 24, 2017).................................................. 9

*State Farm Mut. Auto. Ins. Co. v. Maistrenko*,

    2019 WL 7790855 (S.D. Fla. Dec. 20, 2019) .................................................. 9

*Teller v. Helbrans*,

    2019 WL 3779863 (E.D.N.Y. Aug. 12, 2019).................................................. 6

*U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*,

    487 U.S. 72 (1988)................................................................................ 12

*United States v. Am. Intercont'l Univ., Inc.*,

    2012 WL 12878365 (N.D. Ga. Jan. 20, 2012)................................................ 16

*United States v. Drogoul*,

    1 F.3d 1546 (11th Cir. 1993) ...................................................................... 5

*United States v. M/V Santa Clara I*,

    859 F. Supp. 980 (D.S.C. 1994)................................................................ 15

*Venetian Salami Co. v. Parthenais*,
    554 So. 2d 499 (Fla. 1989)............................................................... 13

*Wane v. Diallo*,
    2020 WL 13413993 (M.D. Fla. Dec. 14, 2020).................................... 4

*Webb v. U.S. Bank, N.A.*,
    2014 WL 12461040 (N.D. Ga. Dec. 16, 2014)..................................... 5

*Wylie v. Island Hotel Co. Ltd.*,
    774 F. App'x 574 (11th Cir. 2019) ...................................................... 6

## Statutes

Fla. Stat. § 48.193 .................................................................................. 14

## Rules

Fed. R. Civ. P. 45(b)(1)............................................................................ 8

Fed. R. Civ. P. 45(c)(2)(A) .................................................................... 16

Fed. R. Civ. P. 45(d)(1).......................................................................... 16

Fed. R. Civ. P. 45(d)(3)......................................................................... 1,7

Fed. R. Civ. P. 45(d)(3)(A) ...................................................................... 5

Fed. R. Civ. P. 45 ..........................................................................Passim

Fed. R. Civ. P. 45(b)(2).......................................................................... 16

Fed. R. Civ. P. 45(c) ................................................................................ 5

Fed. R. Civ. P. 45(c)(2)............................................................................ 5

Fed. R. Civ. P. 45(d)(3)(A)(iv) .............................................................. 17

S.D. Fla. Local Rule 7.1........................................................................... 1

## Other Authorities

Federal Subpoena Practice Under the New Rule 45 of the Federal Rules of Civil Procedure,
    139 F.R.D. 197, 207 (1992) .................................................................. 9

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. Apr.
    2022 Update)...................................................................................... 15

Without conceding service or personal jurisdiction, counsel for non-party individuals Raul Álvarez and Alfredo Romero (collectively, the "Central American Residents") and non-party corporate entity Corporación Coex, Inc. ("Coex Panama") (collectively the "Non-Party Witnesses") specially appear to respond in opposition to Defendant's Motion to Compel Compliance with Subpoenas and for Authorization for Substitute Service [D.E. 1] (the "Motion") and move to quash the subpoenas.

## **INTRODUCTION**

Cargill has failed to serve these Central American Residents with a subpoena to compel deposition testimony in Florida. Cargill has also failed to serve Coex Panama, despite an inexplicable attempt to serve it in a country where it does not reside and does not have offices. But, knowing full well that their service attempts are woefully inadequate under Rule 45, Cargill has brought this Motion to compel the Non-Party Witnesses depositions in Florida.[1] Although the Motion fails on its face, in an abundance of caution, the Non-Party Witnesses file this opposition, and move to quash the subpoenas *duces tecum* pursuant to Fed. R. Civ. P. 45(d)(3) and S.D. Fla. Local Rule 7.1.

The Motion fails because  (1) the subpoenas demand compliance beyond permissible geographical limits; (2) the Central American Residents have not been (and cannot be) served, because they are foreign nationals residing abroad, and Coex Panama has not been served in the manner prescribed for companies located in Panama (and not El Salvador, where "service" was

---

[1] Although Cargill's motion names the place of compliance as Florida, some subpoenas name New York as the place of compliance, as detailed below.

inexplicably attempted); (3) the Court lacks personal jurisdiction over the Non-Party Witnesses; and (4) the burden imposed on the Non-Party Witnesses is impermissible.

## BACKGROUND

Non-party Coex Panama is a foreign corporation with its principal offices outside of the United States. Coex Panama is not registered as a Florida corporation and has no Florida office. Not only does a simple Google or Florida Sunbiz search confirm that Coex Panama is not a Florida-registered corporation, Cargill has personal knowledge of Coex Panama's address in Panama, considering its own documents produced in another related matter reflect that Cargill sent correspondence addressed to Coex Panama in Panama.[2] Moreover, unsurprisingly, and as Cargill is also well-aware, Coex Panama is a *Panama* corporation. *See* Declaration of Karla Paz ("Paz Dec."), attached as Ex. A, at ¶ 6. Nonetheless (and bewilderingly), Cargill's only attempts to serve Coex Panama were not in Panama, but in El Salvador.

Non-party Raul Álvarez is a citizen and resident of El Salvador, and neither conducts nor solicits business in Florida. Declaration of Raul Álvarez ("Álvarez Dec."), attached as Ex. B, at ¶¶ 2, 6-10. Cargill's process server made four unsuccessful attempts to serve Mr. Álvarez at 789 Crandon Blvd. Apt. 703, Key Biscayne, Florida. In those attempts, the report from the process service indicates that the process server "never made contact or heard any noise coming from the apartment. The building has a doorman that told [Cargill's] contact that Raul Álvarez spends

---

[2] In fact, Cargill has in its possession Coex Panama's incorporation documents, bylaws, and signing authorities, all of which confirms Coex Panama is a Panama entity based in Panama. Cargill chose to seek permission from the S.D.N.Y to issue letters rogatory to *El Salvador. Von Kahle v. Cargill, Inc.*, Case No. 21-cv-08532-AT-SDA (S.D.N.Y.) [D.E. 84]. On April 11, 2022, the court issued letters rogatory "to be served in San Salvador." To date, Cargill has not sought permission from the court to serve Coex Panama in Panama, nor has it attempted to serve Coex Panama in Panama.

most of his time in El Salvador." D.E. 1-12. In other words, the process server himself stated that service failed. Cargill then sent various packages to four addresses in Miami via express courier and first-class mail (D.E. 1 at 10-11), all address with which Mr. Álvarez has no connection. Álvarez Dec. at ¶¶ 4-5.

Non-party Alfredo Romero is a citizen and resident of Guatemala, and likewise does not conduct or solicit business in Florida. Declaration of Alfredo Romero ("Romero Dec") attached as Ex. C, at ¶¶ 2, 6-10. On March 10, 2022, Cargill's process server executed a Return of Service stating that he "served" Mr. Romero's supposed co-resident, Edilma Carreto, at 181 Crandon Blvd. Apt. 201, Key Biscayne, Florida. D.E. 1-12. This Return of Service was thus executed even though Ms. Carreto does not reside at this address, and she informed the process server that Mr. Romero also did not reside there. Declaration of Edilma Carreto ("Carreto Dec") attached as Ex. D, at ¶¶ 3-5. Cargill then sent various packages to three addresses in Miami via express courier and first-class mail (D.E. 1 at 10), all addresses with which Mr. Romero has no connection. Romero Dec. at ¶¶ 4-5.

Through discovery in *Von Kahle v. Cargill, Inc.*, Case No. 21-cv-08532-AT-SDA (S.D.N.Y.) (the "S.D.N.Y. matter"), Cargill has obtained additional documents[3] that confirm the information that it already had in its possession—that Messrs. Álvarez and Romero are foreign

---

[3] At a February 24, 2022 hearing before Magistrate Judge Edwin Torres, Cargill counsel represented it had received documents and on that date was set to receive indexes of "1,500 boxes with 23 million pages of documents and 96 custodians and 12.5 terabytes worth of data.". As of the filing of the Motion, Cargill had also received Coex Panama's bank records, including account opening records confirming that the Central American Residents lived abroad and also reflecting all monetary transfers to and from Coex Miami, among other entities. Finally, Cargill produced records in the underlying Florida State court proceeding, roughly 4600 pages, that unequivocally show the Central American Residents did not communicate with Cargill employees in Florida.

residents. Cargill's futile service attempts, however often they are repeated, do not constitute

service. Cargill is not entitled to compel discovery requests that have not, in fact, been served,

for which no good faith attempt at proper service has been made, and which amount to an

invasive fishing expedition duplicative of information already in its possession or that can be

obtained through witnesses whose depositions are pending.[4]

## ARGUMENT

It is well established that "Federal Rule of Civil Procedure 45 protects the subpoena

recipient by requiring the issuer to 'take reasonable steps to avoid imposing undue burden or

expense on a person subject to the subpoena' and by setting out several mandatory and

discretionary grounds for quashing a subpoena." *Jordan v. Comm'r, Mississippi Dep't of Corr.*,

947 F.3d 1322, 1329 (11th Cir. 2020). As here, "[a] subpoena *must* be quashed or modified when

it . . . requires a nonparty to travel more than 100 miles from where the nonparty resides, is

employed, or regularly transacts business in person; . . . or subjects a person to undue burden."

*Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D. Md. 2012) (emphasis added). "A party seeking

to enforce a non-party subpoena under Rule 45 bears the burden of demonstrating that it has

complied with the rule's requirements." *Wane v. Diallo*, 2020 WL 13413993, at *2 (M.D. Fla.

Dec. 14, 2020).

---

[4] In addition to the volumes of records at Cargill's disposal (*see* n.4), the parties in the underlying S.D.N.Y. matter have served subpoenas for deposition on Ernesto Romero and Ernesto Alvarez, Coex Miami's principals and the individuals who Cargill communicated and transacted with. *Von Kahle v. Cargill, Inc.*, Case No. 21-cv-08532-AT-SDA (S.D.N.Y.) [D.E. 43, 44, 47, 59]. These individuals hold the only relevant testimony.

4

I.    **THE SUBPOENAS VIOLATE RULE 45 BECAUSE THEY REQUIRE COMPLIANCE BEYOND THE GEOGRAPHICAL LIMITS AND, EVEN IF THEY HAD BEEN PROPERLY SERVED, MUST BE QUASHED**

Under Rule 45(c), the target of a third-party subpoena may only be required to provide documents and/or a deposition "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." "[T]he court for the district where compliance is required *must* quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). Courts routinely quash subpoenas that violate Rule 45's geographic limitations. *See, e.g.*, *In re Kurbatova*, 2019 WL 2180704, at *3 (S.D. Fla. May 20, 2019); *Webb v. U.S. Bank, N.A.*, 2014 WL 12461040, at *2 (N.D. Ga. Dec. 16, 2014).

A.    **Cargill has designated an improper place of compliance with respect to the subpoenas directed to the Central American Residents**

With respect to the Central American Residents, Cargill's subpoenas violate Rule 45(c)(2)'s geographical limitation. The subpoenas for depositions designate the place of compliance as "44 W. Flagler Street, Suite 2100, Miami, FL 33130 or other mutually-agreeable location." D.E. 1-3 at 7; D.E. 1-4 at 7. The subpoenas *duces tecum*, in turn, require the production of documents to "Tracey Salmon-Smith, Faegre Drinker Biddle & Reath 1177 Avenue of the Americas, 41st Floor NY, NY 10036." D.E. 1-3 at 2; D.E. 1-4 at 2.

The Central American Residents do not reside or regularly transact business in person within 100 miles of Miami, let alone New York. Álvarez Dec. at ¶ 10; Romero Dec. at ¶ 10. They are instead foreign nationals. Álvarez Dec. at ¶¶ 2-3; Romero Dec. at ¶¶ 2-3. "Because the witnesses are foreign nationals located outside the United States, they are beyond the subpoena power of the district court." *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). In that respect, "there is no international treaty, convention or other authority by which [Cargill] can

take the testimony of unwilling Guatemalan [and Salvadoran] witnesses . . . . Aliens residing abroad cannot be compelled to respond to a subpoena from a U.S. court because they owe no allegiance to the United States." *KLP Indus., L.L.C v. Pelaez*, 2006 WL 8434699, at *5 (S.D. Fla. Dec. 19, 2006) (King, J.); *see Wylie v. Island Hotel Co. Ltd.*, 774 F. App'x 574, 579 (11th Cir. 2019) ("[I]f witnesses in The Bahamas are unwilling to travel, the district court cannot compel them to testify."). Accordingly, the Central American Residents cannot be compelled to appear for a deposition in the United States. *See, e.g.*, *Teller v. Helbrans*, 2019 WL 3779863, at *2 n.1 (E.D.N.Y. Aug. 12, 2019) ("The Court does not believe that [a U.S. citizen living in Guatemala] can be compelled to appear for a deposition through use of Rule 45 subpoena, because while Rule 45 refers to service of citizens abroad . . . the Rule still requires the deposition take place within 100 miles of where the person resides, is employed, or regularly transacts business. . . ."). If a U.S. citizen living in Guatemala cannot be compelled to attend a deposition in the U.S., how much less so can Guatemalan and Salvadoran citizens be required to do so?

Cargill's subpoena *duces tecum* to produce documents in New York likewise violates Rule 45. The Central American Residents do not reside or regularly transact business in person within 100 miles of New York. Nor do they have a connection to New York. Cargill does not even trouble to contend that they reside or regularly transact business in New York. *See* D.E. 1 at 7 (alleging only that Non-Party Witnesses conduct business within 100 miles of Miami, Florida). Moreover, a court in the Southern District of Florida, even if it were inclined to do so, lacks authority to compel the production of documents in New York. *See Celestin v. City of Ocoee*, 2022 WL 833131, at *1 (M.D. Fla. Jan. 13, 2022) (finding that a United States District Court in Florida lacked jurisdiction to enforce a subpoena duces tecum listing a place of compliance in New York); *Brady v. Lee*, 2014 WL 12580025, at *2 (S.D. Fla. Oct. 29, 2014) (collecting

authorities). In light of the foregoing, the subpoenas *duces tecum* directed to the Central American Residents are unenforceable.

**B.** **Cargill has designated improper places of compliance with respect to the subpoenas directed to Coex Panama**

With respect to Coex Panama, Cargill seeks enforcement of two subpoenas. The first is a subpoena for a 30(b)(6) deposition with the place of compliance being "44 W. Flagler Street, Suite 2100, Miami, FL 33130 or other mutually-agreeable location." D.E. 1-2 at 6. The second subpoena requires the production of documents to "Tracey Salmon-Smith, Faegre Drinker Biddle & Reath 1177 Avenue of the Americas, 41st Floor NY, NY 10036." D.E. 1-2 at 12. Both subpoenas violate Rule 45(c)(2)'s geographical limitation. As Cargill is well aware, having sent its prior communications to a Panama address, and having reviewed the incorporation documents it collected during its due diligence process, Coex Panama is incorporated in Panama and does not reside or have offices within 100 miles of Miami. *See* Paz Dec., Ex. A, at ¶ 6; Declaration of Juan Fernández ("Fernández Dec.") attached as Ex. G, at ¶¶ 4-5, 8-9 Coex Panama also does not regularly transact business in person within 100 miles of either Miami or New York. Fernández Dec., Ex. G, at ¶¶ 11, 15. Cargill's subpoena is deficient on its face and must be quashed. And, with respect to production of documents in New York, a Southern District of Florida court lacks authority to compel the production. *See Celestin*, 2022 WL 833131, at *1; *Brady*, 2014 WL 12580025, at *2.

**II.** **CARGILL HAS FAILED TO SERVE THE CENTRAL AMERICAN RESIDENTS AND COEX PANAMA AND THE COURT LACKS AUTHORITY TO ENFORCE THE SUBPOENAS**

Even if the subpoenas were not fatally flawed on their face as set forth above—and they are—the simple fact is that Cargill has not yet managed even to serve these flawed subpoenas within the requirements of the law. Rule 45 governs service of subpoenas on non-party witnesses

7

and requires that they be served in the U.S. by "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). That hasn't happened yet, so there is nothing for this Court to enforce. "A court lacks the authority to enforce a subpoena that was not properly served on a non-party." *C&K Grocery LLC v. Beauchamp,* 2012 WL 13134567, at *2 (S.D. Fla. Nov. 20, 2012). When service of process is challenged, the party on whose behalf it is made bears the burden of establishing its validity. *See Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019). [5]

### A.   Cargill has failed to serve the Central American Residents

"Rule 45 contains ***no*** provision permitting service of a subpoena upon an individual in a foreign country who is not a United States national or resident. Thus, 'foreign nationals living abroad are ***not*** subject to subpoena service outside the United States.'" *OL Priv. Couns., LLC v. Olson*, 2022 WL 2304279, at *3 (D. Utah June 27, 2022) (emphasis added); *In re: Benicar (Olmesartan) Prod. Liab. Litig.*, 2016 WL 5817262, at *3 n. 13 (D.N.J. Oct. 4, 2016) ("Rule 45 does not authorize the service of a subpoena on a foreign witness."). Here, the Central American Residents reside outside of the United States and may not be served with a subpoena. Indeed, the process server was expressly told that "Raul Álvarez spends most of his time in El Salvador." D.E. 1-12. Moreover, *not one* of the service attempts on the Central American Residents was successfully completed or delivered to the named persons in the United States (or elsewhere).[6]

---

[5] In addition to the serial failures discussed in this section, Cargill has also failed to tender any witness fees to the Non-Party Witnesses. The failure to do so provides a further basis for quashing the subpoenas. *E.g., Ross v. Sejin Am., Inc.*, 2021 WL 6973878, at *1 (M.D. Ala. Apr. 27, 2021) ("The plaintiffs admit that they did not tender the witness fee to Davenport when they served him with the subpoena. Accordingly, the subpoena is due to be quashed due to ineffective service.").

[6] *See* D.E. 1 at 10-11 (in which Cargill summarizes its ineffective service attempts).

Although Magistrate Judge Torres has authored several opinions authorizing substituted service,[7] "the majority position of courts in [the Eleventh Circuit] is that personal service is required, even while acknowledging a split of authority on that issue." *Green v. Pickens Cnty. Sch. Sys.*, 2021 WL 2559453, at *4 (N.D. Ga. Apr. 26, 2021) (explaining rationale behind the majority rule and colleting authorities); *Hill v. Todd A. Ruck, Inc.*, 2021 WL 9032375, at *1 (N.D. Ga. Oct. 13, 2021) (collecting authorities); *Sphar v. Amica Mut. Ins. Co.*, 2017 WL 8314657, at *1 (M.D. Fla. May 24, 2017) (collecting authorities); *Green v. Croft*, 2016 WL 11734217, at *2 (S.D. Fla. Mar. 23, 2016). The Eleventh Circuit has not yet resolved the conflict, but cases permitting substituted service are a minority position both within the circuit and nationally. *Id.*; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed. Apr. 2022 Update); *see also* David D. Siegel, Federal Subpoena Practice Under the New Rule 45 of the Federal Rules of Civil Procedure, 139 F.R.D. 197, 207 (1992).

While the Central American Residents contend the proper test for evaluating service of process of a subpoena is the majority test (which would spare them of the burden and expense of challenging, among other things, the adequacy of personal jurisdiction), Cargill's attempts at substituted service fail even under the standard set forth by this Court *State Farm* and *In re MTS*, which permit a party to utilize "a manner of service reasonably designed to ensure actual receipt of the subpoena." *State Farm Mut. Auto. Ins. Co.*, 2019 WL 7790855, at *3; *In re MTS Bank*, 2018 WL 1718685, at *4. Here, the manner of service was not nearly calculated to get the subpoena into the hands of Cargill's discovery targets. Instead, Cargill merely left a copy of the

---

[7] *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Maistrenko*, 2019 WL 7790855, at *2 (S.D. Fla. Dec. 20, 2019); *Rainey v. Taylor*, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019); *In re MTS Bank*, 2018 WL 1718685, at *3 (S.D. Fla. Mar. 16, 2018).

subpoena *duces tecum* and the deposition subpoena with Ms. Carreto. Cargill claims this constitutes service of Mr. Romero, but there is no familial relationship between Mr. Romero and Ms. Carreto, and they are certainly not coresidents, as the affidavit of service falsely asserts. *See* Carreto Dec., Ex. D.; *see also* Romero Dec., Ex. C, at ¶ 5.

Cargill's U.S. mailings to the Central American Residents are likewise improper, even under the *State Farm* standard, because they do not own any of the residences where Cargill mailed the subpoenas. *See* Álvarez Dec., Ex. B, at ¶ 5; Romero Dec., Ex. C, at ¶ 5; Composite Exhibit E (compiling the property appraiser records for the addresses Cargill sent subpoenas to Mr. Álvarez); Composite Exhibit F (compiling the property appraiser records for the addresses Cargill sent subpoenas to Mr. Romero).[8] Moreover, although Cargill describes some of the service attempts as being "delivered to residence," none is the witness's residence. *See, e.g.*, D.E. 1 at 10-11 (purporting to have delivered to difference residences at 789 Crandon Blvd. to "E. Enedt"). The purported "service" is ineffective by any standard.

Recognizing the deficiencies in its services attempts, Cargill subsequently attempted to effectuate service upon the Central American Residents by sending copies of the subpoenas to counsel—who have not been authorized to accept such service. "[B]inding precedent in this jurisdiction holds that service of a subpoena upon a witness's attorney, instead of the witness himself, is ineffective." *Monex Fin. Servs. Ltd. v. Nova Info. Sys., Inc.*, 2008 WL 5235135, at *2 (M.D. Fla. Dec. 15, 2008) (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)).  Prior

---

[8] The Court may take judicial notice of the information gathered from the Miami-Dade County Property Appraiser's Property Search application. *See, e.g.*, *Kahama VII, LLC v. Space Coast Builder and Contractors, Inc.*, 2013 WL 12161440, at *16 n.21 (M.D. Fla. Jan. 28, 2013).

attempts to serve the Central American Residents through counsel are thus a nullity, nor would forced substituted service upon unauthorized counsel be proper.

Here, Cargill's inability to serve the Central American Residents in the United States (where they do not reside) by all these means, at all these places, confirms one thing: the Central American Residents are not located in the Southern District of Florida. Compelling them to appear for a deposition here would be improper. Likewise, substituted service by e-mail directed at Central America is impermissible because the Central American Residents are simply not located "at any place within the United States" as required under Rule 45(b)(2) (Álvarez Dec., Ex. B, at ¶ 5, Romero Dec., Ex. C, at ¶ 5).

**B.** **Cargill has failed to serve Coex Panama**

"Rule 45 does not address service of a subpoena on a foreign entity located outside the United States, and, therefore, courts in [the Eleventh Circuit] and other federal circuits have determined that Rule 4(h)(2), governing service of process on foreign entities, provides the means by which subpoenas may be served under such circumstances." *Al-Saadi v. Annchery Fajas USA, Inc.*, 2022 WL 898562, at *1 (S.D. Fla. Mar. 28, 2022).

Here, Cargill, having attempted to serve Coex Panama in the wrong country, and even after being advised of this fact (which it already knew), has not even requested leave to serve letters rogatory in the proper country, nor has it attempted to effectuate service. "For international service in Panama, parties must follow either: (1) the Inter–American Convention on Letters Rogatory and Additional Protocol, since Panama is not a signatory to the Hague Convention; (2) the law of Panama for service; or (3) another method set forth in Rule 4(f)(2)(C)." *Jon D. Derrevere, P.A. v. Mirabella Found.*, 2011 WL 1983352, at *2 (M.D. Fla.

Apr. 26, 2011). The subpoena to Coex Panama was not served in any of the manners prescribed for service in Panama, rendering the attempted service ineffective.[9]

While a foreign corporation can be served pursuant to Rule 4(f)(3), service may be accomplished under that rule only when it is (i) ordered by the court, and (ii) not prohibited by an international agreement. Here, there has been no such order, and these prior attempts at service are invalid.

## III. THE COURT LACKS PERSONAL JURISDICTION OVER THE CENTRAL AMERICAN RESIDENTS

But whatever the flaws in these subpoenas—and they are manifold—and whatever the disabilities in Cargill's purported service—and they are fatal—at bottom, the "subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Accordingly, "this Court must have personal jurisdiction over a nonparty to compel compliance with a discovery request under Rule 45." *In re*

---

[9] And if attempting to serve a Panama company in El Salvador weren't already an absurdity, Cargill then admits it did not even attempt ***that*** ill-considered "service" in El Salvador through the Central Authority (which one may assume would have declined to serve a Panamanian entity where it does not have offices or reside), choosing instead to hire local counsel to deliver the documents. Cargill's failure to adhere to the Inter-American Convention on Letters Rogatory (of which Panama, El Salvador, and the U.S. are parties) is manifest in all of Cargill's papers here, none of which contains the requisite forms to prove service under the convention and Central Authority. *See* D.E. 1-15, 16 (purported proof of service); Additional Protocol to the Inter American Convention on Letters Rogatory, Art. III(3)(e) (Among other requirements, "letters rogatory *shall* be accompanied . . . (e) Certificate conforming to Form C annexed to this Protocol on which the Central Authority of the State of destination shall attest to execution or non-execution of the letter rogatory.") (emphasis added); *Inter-American Service Convention and Additional Protocol*, U.S. Dept. State, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html#ExternalPopup ("Proof of Service: The foreign central authority will execute page 7 of the form as proof of service.) (last visited Aug. 8, 2022). Cargill has already intentionally circumvented the Inter-American Convention requirements and should not be allowed to continue to skirt its obligations.

*3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 5578428, at *6 (N.D. Fla. Feb. 18, 2020) (collecting authorities); *Heissenberg v. Doe*, 2021 WL 2621100, at *2 (S.D. Fla. June 24, 2021). The party invoking this Court's jurisdiction—here, defendant Cargill—bears the burden of establishing personal jurisdiction over the responding party. *See In re 3M*, 2020 WL 5578428, at *7 n.5 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)). Cargill hasn't even shouldered that burden, much less carried it.

This Court simply lacks personal jurisdiction over the Non-Party Witnesses. The Supreme Court "recognize[s] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Neither exists here.

### A.    The Court Lacks Personal Jurisdiction over the Central American Residents

This Court does not have general personal jurisdiction over the Central American Residents. A court may exercise general jurisdiction only when the defendant's "affiliations with the State . . . are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (cleaned up). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id*. at 137 (cleaned up). Cargill does not even assert—let alone establish—that the Central American Residents are domiciled in Florida and thus, there is no general jurisdiction over them under Florida law and applicable due process standards. *See McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1350 (S.D. Fla. 2017).

Nor does the Court have specific jurisdiction over the Central American Residents. To determine whether personal jurisdiction exists over a civil defendant, a court "typically employs a two-part analysis" *In re 3M*, 2020 WL 5578428, at *7; *see Venetian Salami Co. v. Parthenais*,

554 So. 2d 499, 502 (Fla. 1989). First, it must "determine if jurisdiction can be obtained under Florida's long-arm statute (Fla. Stat. § 48.193)." *In re 3M*, at *7. If the long-arm statute confers jurisdiction, "the Court then looks to whether the defendant has 'sufficient minimum contacts' with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* "At least two circuit courts have applied 'this test to nonparty discovery requests by focusing on the connection between the nonparty's contacts with the forum and the discovery order at issue." *Id.*; *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 751 (N.D. Ill. 2016), *aff'd*, 852 F.3d 687 (7th Cir. 2017).

Here, there is no basis to assert long-arm jurisdiction over the Central American Residents, and Cargill does not even trouble to assert one. Cargill's blanket statements that the Central American Residents conduct business in Florida is contradicted by Cargill's own records (which show they did not contact the state (*see* nn. 2, 4)) and by the Central American Residents' declarations. The Central American Residents do not regularly engage in business in Florida under § 48.193(1)(a)(1) in their personal capacity. Romero Decl. ¶¶ 9, 10; Álvarez Decl. ¶¶ 9, 10. Nor have they visited the Florida with the purpose of conducting business. Romero Decl. ¶ 6; Álvarez Decl. ¶ 6.[10]

An exercise of personal jurisdiction over the Central American Residents would also be inconsistent with the due process clause of the Fourteenth Amendment. "Considering the international context, the heavy burden on the alien [party], and the slight interests of the

---

[10] And in that regard, even if they had, "[u]nder the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director." *Carter v. Est. of Rambo*, 925 So. 2d 353, 356 (Fla. 5th DCA 2006).

plaintiff and the forum State, the exercise of personal jurisdiction by a [Florida] court over [the Central American Residents] in this instance would be unreasonable and unfair." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 116 (1987) (plurality opinion). Like the defendant in *Asahi*—who at least was a named party to the action, not merely a duplicative non-party witness like the individuals here—the Central American Residents "do[] not do business in [Florida]. [They] ha[ve] no office, agents, employees, or property in [Florida]." *Id*. at 112-13; *see also* Romero Decl. ¶¶ 7-9; Álvarez Decl. ¶¶ 7-9. Responding to discovery in Florida would unquestionably impose a heavy burden on the Central American Residents. *See, e.g.*, *United States v. M/V Santa Clara I*, 859 F. Supp. 980, 990 (D.S.C. 1994). The total picture implicates all the reasons expressed in *Asahi* for restraint in the exercise of personal jurisdiction in an international context. *Id.*

**B.**      **The Court Lacks Personal Jurisdiction over Coex Panama**

This Court likewise lacks general personal jurisdiction over Coex Panama. For corporations, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Bauman*, 571 U.S. at 137 (cleaned up). Cargill does not assert, because it cannot assert, that Coex Panama is "at home" in Florida. Coex Panama is neither incorporated nor headquartered in Florida, and it does not even have an office in Florida. *See Giuliani v. NCL (Bahamas) Ltd.*, 558 F. Supp. 3d 1230, 1242 (S.D. Fla. 2021) (holding that the foreign non-party's activities did not "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business [because a]lthough Plaintiff allege[d] that [the entity] has direct contacts with Florida, [it] has never maintained an office, registered agent, or any other direct connection to Florida.").

15

Similarly, the Court lacks specific jurisdiction over Coex Panama. To establish specific jurisdiction, Cargill must show that Coex Panama "[took] some act by which it purposefully avail[ed] itself of the privilege of conducting activities within the forum State," and that the claims "arise out of or relate to" those contacts "with the forum." *Ford*, 141 S. Ct. at 1024-25 (cleaned up). But Coex Panama does not purposefully avail itself of the privilege of acting in Florida, since it does not regularly conduct business in the forum or target the state. Fernández Dec., Ex. G, at ¶¶ 8-11.

**C.      Nothing in Rule 45 changes the analysis of these witnesses' amenability to personal jurisdiction here.**

The foregoing analysis is not changed by Rule 45(b)(2)'s provision allowing service of a subpoena "at any place within the United States." Rule 45 does *not* confer upon the issuing court nationwide jurisdiction to enforce third-party subpoenas. Quite the opposite: Rule 45 states that a subpoena must command compliance "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(2)(A), and it is only the "court for the district where compliance is required" that can enforce a subpoena. Fed. R. Civ. P. 45(d)(1). Thus, Rule 45 codifies the "widespread recognition that a court's subpoena powers are geographically limited and that district courts do not have nationwide jurisdiction to . . . enforce a subpoena." *United States v. Am. Intercont'l Univ., Inc.*, 2012 WL 12878365, at *5 (N.D. Ga. Jan. 20, 2012). Otherwise, "a party could set the place of production or inspection at any location throughout the country and then serve the subpoena within 100 miles of that place" and thereby "provide every district court with nationwide jurisdiction"—and "[t]here is no indication in Rule 45 that such was intended." *In re DMCA Section 512(h) Subpoena to Facebook, Inc.*, 2015 WL 12805630, at *7 (S.D. Tex. Nov. 18, 2015).

16

The Federal Rules of Civil Procedure cannot extend a court's jurisdiction beyond constitutionally constrained due process limits. Because "[a] court without personal jurisdiction is powerless to take further action," *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999), the Motion fails.

## IV. CARGILL'S SUBPOENA IMPOSES AN UNDUE BURDEN ON FOREIGN PARTIES

As discussed *supra* in note 3, Cargill already has in its possession Coex Panama's bank records reflecting it did not benefit from any sums Cargill deposited in its account and, in fact, transferred more money to Coex Miami than it ever received from Cargill. Unless and until the discovery sought is "unavailable" from Coex Miami (a party to the litigation), Ernesto Alvarez and Ernesto Romero (Coex Miami principals who conducted the transactions at issue, and were served with subpoenas for depositions which are presumably being scheduled), the subpoenas here are unreasonably cumulative, duplicative, and impose an undue burden on the foreign Non-Party Witnesses. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (quashing non-party subpoena as facially overbroad where it requested "any and all" documents and communications because it was not limited as to scope, time, and types of documents sought were not relevant to the underlying action).

Rule 45(d)(3)(A)(iv) "makes mandatory the quashing of any subpoena that would impose such a burden on the target of the subpoena." *Jordan*, 947 F.3d at 1337. The Eleventh Circuit has explained that:

> The undue burden analysis requires the court to 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.' Several factors have been identified as pertinent to the analysis, including the '*relevance of the information requested*' to the underlying litigation and the '*burden [that would be] imposed*' by producing it. *The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry.*

17

*Id.* at 1337 (emphasis added).

When overseeing discovery involving foreign parties, the Supreme Court has further

instructed lower courts to exercise special care:

> American courts, in supervising pretrial proceedings, should exercise special
> vigilance to protect foreign litigants from the danger that unnecessary, or unduly
> burdensome, discovery may place them in a disadvantageous position. Judicial
> supervision of discovery should always seek to minimize its costs and
> inconvenience and to prevent improper uses of discovery requests. When it is
> necessary to seek evidence abroad, however, the district court must supervise
> pretrial proceedings particularly closely to prevent discovery abuses. For example,
> the additional cost of transportation of documents or witnesses to or from foreign
> locations may increase the danger that discovery may be sought for the improper
> purpose of motivating settlement, rather than finding relevant and probative
> evidence. Objections to "abusive" discovery that foreign litigants advance should
> therefore receive the most careful consideration.

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. Of Iowa*, 482 U.S. 522,

546 (1987).

Here, much of the discovery that Cargill is seeking can be (or already has been) obtained

from parties to the New York litigation. *See* nn.4, 5, *supra*. The foreign Non-Party Witnesses

should not be made to bear the burden and expense of Cargill's ill-conceived fishing

expedition,[11] that at best would be duplicative of information already in its possession and of

which the probative value is minimal. *See* nn.2, 4, 5; *see, e.g.*, *Castleberry v. Camden Cty.*, 331

F.R.D. 559, 565 (S.D. Ga. 2019) ("[T]he Court will not allow Defendant to seek non-party

discovery through its Motion to Compel, particularly where Defendant could have obtained the

---

[11] As Cargill admits in note 6 of its motion, Coex Panama and Cargill have agreed to arbitrate
any disputes arising from its Master OTC Agreement. D.E. 1 at n.6, Ex. 6. It appears that Cargill
may be attempting to obtain discovery here to circumvent the potential restrictions that would
arise in the course of arbitrating a dispute.

same materials during the discovery period from Plaintiff."); *Maxtena, Inc.*, 289 F.R.D. at 439;

*Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP*, 2001 WL 246384, at *5 (S.D.N.Y. 2001).

<u>**CONCLUSION**</u>

For the foregoing reasons, Cargill's Motion to Compel fails and the subpoenas should be

quashed.

<u>**NOTICE OF SPECIAL APPEARANCE OF COUNSEL**</u>

The undersigned files this opposition as a special appearance only. This opposition is not

to be construed as a general appearance under Local Rule 11.1 or by non-party, who has not been

subject to service of process in this action.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

The Non-Party Witnesses respectfully request oral argument on Cargill's Motion to

Compel, and this opposition and Motion to Quash. Oral argument will provide the Court with an

opportunity to address, in the timeliest manner, any questions the papers may raise for the court

regarding both factual and legal matters.

Dated:  August 11, 2022                    Respectfully submitted,

**RIVERO MESTRE LLP**
*Attorneys for non-parties Raul Álvarez, Alfredo Romero, and Corporación Coex, Inc. (special appearance)*
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: rkuntz@riveromestre.com
E-mail: strujillo@riveromestre.com

By:   /s/ *Andrés Rivero*
ANDRÉS RIVERO
Florida Bar No. 613819
ROBERT J. KUNTZ JR.
Florida Bar No. 094668
SYLMARIE TRUJILLO
Florida Bar No. 112768

## CERTIFICATE OF SERVICE

I certify that on August 11, 2022, I electronically filed this document with the Clerk of

the Court using CM/ECF. I also certify that this document is being served today on all counsel of

record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrés Rivero*
Andres Rivero